**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEE W. YEAGER, | ) | Case No. 5:15 CV 399 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| FIRSTENERGY GENERATION CORP., | ) | |
| | ) | **JUDGMENT** |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion to Lift the Stay (Doc. 81) and Defendant's Motion to Dismiss (Doc. 82). The motions are ripe for consideration. For the reasons that follow, Plaintiff's motion to lift the stay is DENIED, and Defendant's Motion to Dismiss is GRANTED.

Plaintiff filed a charge alleging discrimination on the basis of religion by Defendant with the Ohio Civil Rights Commission (the "OCRC") on December 11, 2005, alleging that Defendant discriminated against him by the application of its direct deposit policy. The OCRC issued a final decision on the charge on January 29, 2015. Plaintiff then filed the instant action that he seeks to reopen (the "Action") on March 3, 2015. The Action was stayed as a result of Defendant's bankruptcy filing. The Action was included in the bankruptcy proceeding's Plan Supplement (as defined in the Plan) as a Cause of Action (also defined in the Plan) that the Plan Administrator is authorized to prosecute on behalf of the Debtors under the terms of Article IV.S. of the Plan.

On April 16, 2020, Plaintiff filed a motion to lift the stay with respect to the Action. Defendant opposes this request as contrary to the terms of the Plan, which was confirmed by

1

order of the United States Bankruptcy Court for the Northern District of Ohio and may be found on the docket in *In re First Energy Solutions Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio).

Under Article XII.I. of the Plan, the stay is to remain in effect after the Effective Date of February 27, 2020 for any action based on events that occurred prior to the Petition Date, where the non-Debtor party (i.e., Plaintiff): (1) received notice of the Bar Date and (2) failed to timely file a Proof of Claim. Article XII.I. mandates that the stay remain in place until the Debtor party (i.e., Defendant) is dismissed from the Action.

It is undisputed in this Action that the underlying events occurred prior to the Petition Date. It is also undisputed that Plaintiff received notice of the Bar Date and failed to file a Proof of Claim in the bankruptcy court. Therefore, in accordance with Article XII.I. of the Plan, and because this Court gives due deference to the bankruptcy court's Confirmation Order and Plan for purposes of finality, Plaintiff's motion to lift the stay is denied.

In addition to denying Plaintiff's motion to lift the stay, this Court will dismiss this Action pursuant to applicable bankruptcy law, the Bar Date Order, and the Plan.

On March 31, 2018, FirstEnergy Solutions, Corp. and six affiliated debtors (including Defendant, collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11of the United States Bankruptcy Code in the Bankruptcy Court. On July 30, 2018, the Bankruptcy Court entered the Bar Date Order, which set October 8, 2018 as the Bar Date, or the deadline for filing proofs of claim for nongovernmental claimants. Plaintiff does not contest that he was provided with notice of the Bar Date. However, despite receiving notice of the Bar Date, Plaintiff failed to file a proof of claim by the Bar Date or at any point prior to the Effective Date.

Article VII.G. of the Plan provides that any and all proofs of claim filed after the Bar Date are disallowed and expunged as of the Effective Date of the Plan, without any further notice

to or action, order or approval of the Bankruptcy Court, and holders of claims may not receive any distributions on account of such claims.  Additionally, Bankruptcy Rule 3003(c)(2) requires the timely filing of proofs of claim.  Bankr. R. 3003(c)(2).

Here, any claims that Plaintiff could have asserted but did not assert in the bankruptcy proceeding against Defendant have been disallowed and expunged as of the Effective Date of the Debtors' Plan, because Plaintiff received notice of the Bar Date but failed to file a proof of claim in violation of the Bar Date Order.  Allowing the Action to continue would be a waste of the Court's time and resources because, under the terms of the Bar Date Order, the Plan, and the Confirmation Order, Plaintiff is forever barred from being able to obtain any recovery from Defendant's bankruptcy estate as a pre-petition creditor of Defendant in light of Plaintiff's failure to timely file a proof of claim against Defendant for his alleged damages.  Moreover, to allow this action to continue would undermine the purpose of establishing a claims bar date in Chapter 11, which is to allow debtors and their parties in interest to provide finality with respect to the universe of claims.  *See In re Eagle-Picher Indus.*, 137 B.R. 679, 682 (Bankr. S.D. Ohio 1992).  Accordingly, this Action is dismissed with prejudice.

For all of the foregoing reasons, Plaintiff's request to lift the stay (Doc. 81) is DENIED.  Defendant's motion to dismiss (Doc. 82) is GRANTED.  It is hereby ORDERED that the Action is dismissed with prejudice.

IT IS SO ORDERED.

Dated:  _9/18/20_____                    s/John R. Adams_____
                                                  John R. Adams
                                                  United States District Judge